IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

SARAH NEUGEBAUER                                                                 PLAINTIFF

V.                              CASE NO. 5:14CV00338 JTK

CAROLYN W. COLVIN, *Acting Commissioner,*
Social Security Administration                                                   DEFENDANT

## MEMORANDUM AND ORDER

Plaintiff Sarah Neugebauer brings this action for review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI). Both parties have submitted appeals briefs, and the case is ready for decision.[1] The only issue before the Court is whether the Commissioner's decision is supported by substantial evidence. After reviewing the administrative record and the arguments of the parties, the Court finds that the Commissioner's decision is supported by substantial evidence.

**Procedural History**

Plaintiff protectively filed her application for SSI on September 29, 2011, alleging an onset date of November 11, 2009. She claims disability due to a motor vehicle accident, a head injury, a back injury, obesity, and severe headaches (Tr. 154). Plaintiff's claims were denied at the initial and reconsideration levels. A hearing was held on December 11, 2012, before an Administrative Law Judge (ALJ). On April 19, 2013, the ALJ issued an

---

[1]The parties have consented to the jurisdiction of a Magistrate Judge (DE #4).

unfavorable decision, denying Plaintiff's claims. The Appeals Council subsequently denied the request for review. It is from this decision that Plaintiff now brings her appeal.

## Administrative Proceedings

Plaintiff was thirty-one (31) years old at the time of the administrative hearing. She graduated from high school and completed one year of college,  The ALJ applied the five-step sequential evaluation process[2] to Plaintiff's claim. Plaintiff satisfied the first step because she had not engaged in substantial gainful activity since her application date of September 29, 2011. At step two, the ALJ found that Plaintiff suffered from the severe impairments of lumbar spine degenerative disc disease, pain disorder, depressive disorder, anxiety disorder, migraine headaches, and obesity. At the third step, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1 ("listing"). Further, the ALJ found that Plaintiff's testimony and allegations regarding her limitations were not fully credible and that Plaintiff retained the residual functional capacity (RFC) to perform limited light work.[3] At step four, the ALJ found Plaintiff had no past relevant work,

---

[2]The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that he is disabled. Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Steed v. Astrue*, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

[3]The ALJ found Plaintiff cannot engage in work that required driving a motor vehicle or climbing ladders, ropes, or scaffolds. Mentally, Plaintiff is limited to work

but crediting the testimony of a vocational expert (VE), he found at step five that Plaintiff could perform work existing in the national economy. Accordingly, the ALJ found Plaintiff was not under a disability.

## Standard of Review

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'"

---

where interpersonal contact is incidental to the work, the complexity of one to two-step tasks is performed by rote with few variables and little judgment, and the supervision required is simple, direct, and concrete.

*Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

## Discussion

On appeal, Plaintiff argues the ALJ "erred in failing to properly assess Listing 11.03(f) and 12.02, (traumatic brain injury), and severe headaches that developed following her accident." (Plaintiff's Brief, DE #11, at p. 1). Plaintiff asserts that the case should be remanded for a supplemental hearing to address her non-exertional impairments, her traumatic brain injury; the side effects of her medication, and headaches that would cause her to miss more than three days of work per month. Finding no error and for the reasons outlined below, the Court affirms the Commissioner.

"The listings set out in 20 C.F.R. § 404, Subpt. P, App. 1 are descriptions of various physical and mental illnesses and abnormalities, most of which are categorized by the body system they affect." *Sullivan v. Zebley*, 493 U.S. 521, 529-30 (1990). "Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results." *Id.* at 530. The burden of proof is on the Plaintiff to establish that her impairment meets or equals a listing. *See Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004) (citing *Sullivan*, 493 U.S. at 530-31). For a Plaintiff to show that her impairment matches a listing, it must meet all of the specific medical criteria. *Marciniak v. Shalala*, 49 F.3d 1350, 1353 (8th Cir. 1995). An impairment that manifests only some of those criteria, no matter how severely, does not qualify. *Id.*

**<u>Listings</u>**

4

Plaintiff was involved in a motor vehicle accident on November 10, 2009. She alleged severe migraine headaches that caused her to be bedridden for days on end. She also testified that her medications caused tiredness and nerve pain. Plaintiff contends the ALJ failed to specifically evaluate her traumatic brain injury under Listing 11.03(f). The Court construes Plaintiff's argument to instead refer to Listing 11.00(F), which provides the guidelines for evaluating impairments caused by cerebral trauma. The Court finds no error.

Listing 11.00(F) indicates that traumatic brain injury "may result in neurological and mental impairments," and prescribes the use of § 11.18 ("Cerebral Trauma") for direction. The listing for cerebral trauma has one line: "Evaluate under the provisions of 11.02, 11.03, 11.04, and 12.02, as applicable." 20 C.F.R. § 404, Subpt. P, App. 1, §11.18. Thus, cerebral trauma, or traumatic brain injury, can be either neurological (11.02, 11.03, 11.04), mental (12.02), or both.

While there is no Listing 11.03(f), Listings 11.02 and 11.03 both deal with epilepsy, and neither Plaintiff nor the record supports any evidence of epileptic episodes. Listing 11.04 involves central nervous system vascular accidents with three months post-vascular accident accompanied by either sensory or motor aphasia resulting in ineffective speech or communication; or significant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station. There is likewise no record evidence to indicate that Plaintiff sustained a central nervous system vascular accident accompanied by either condition outlined above.

Listing 12.02 only refers to organic mental disorders, *i.e.*, psychological or behavioral

5

abnormalities associated with a dysfunction of the brain. While the record indicates that Plaintiff has been treated for anxiety and depression, including post-partum depression, there are no medical records that point to an organic mental disorder. Plaintiff does not identify which domains of functioning were restricted, and the Psychiatric Review Technique Form shows Plaintiff was, at worst, moderately impaired in two functional domains (Tr. 313). *See* Listing 12.02(A)-(B). Further, the record does not support that Plaintiff experienced either the type of decompensation, the marginal adjustment, or the inability to function outside a highly structured environment required to establish the "C" criteria of Listing 12.02. The regulation explains that episodes of decompensation may be demonstrated by an exacerbation in symptoms requiring increased medication or the need for more structured psychological support. Plaintiff can not reasonably argue the record documents this type of decompensation, since the record does not demonstrate the need for increased mediation and required no psychological support.

In sum, although the ALJ did not evaluate Plaintiff under Listing 12.02, she would not meet the requirements, and failure to address the listing in the opinion was not error. *See Goose v. Apfel*, 238 F.3d 981, 984 (8th Cir. 2001).

**Hypothetical Questions Posed to ALJ**

Plaintiff argues next that the hypothetical posed to the vocational expert (VE) that discussed the side effects of her medication, chronic anxiety, panic attacks, and headaches that cause her to be bedridden for two to three days—all of which she claim significantly erode her occupational base—eliminated her ability to perform work activities. Plaintiff

asserts that, although her pain and headaches are debilitating as evidenced by her personal diary to document her consistent, severe headaches, and her treating physician, Mark Crump, M.D. found that her migraines would interfere with her ability to perform work, the ALJ still discredited those opinions. Substantial evidence supports the decision of the Commissioner.

"A hypothetical us sufficient if it sets forth impairments supported by substantial evidence in the record and accepted as true by the ALJ." *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001). Although a hypothetical need not "frame the claimant's impairments in the specific diagnostic terms used in the medical reports," it still must "capture the concrete consequences of those impairments." *England v. Astrue*, 490 F.3d 1017, 1023 (8th Cir. 2007). The Court concludes that the hypothetical questions here adequately reflected the impairments that were consistent with the record as a whole and which the ALJ reasonably accepted as true. While the ALJ did not specifically name Plaintiff's impairments, he did capture the consequences of those impairments. There were valid reasons for discounting the credibility of Plaintiff's assertions and Dr. Crump's assertions of more extensive limitations. Dr. Crump continued to treat Plaintiff conservatively with medication, and he encouraged weight reduction, physical exercise, and fun outings with family and friends. *See Smith v. Shalala*, 987 F.2d 1372, 1374 (8th Cir. 1993) (holding that treating physician's conservative treatment was inconsistent with plaintiff's allegations of disabling pain). This level of treatment is inconsistent with the opinion that Plaintiff's condition was so severe that it would interfere with her ability to perform work. *See Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006) (declining to give controlling weight to the treating physician's opinion

7

because the treating physician's notes were inconsistent with the assessment).

## Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes there is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the Commissioner's final determination and dismisses Plaintiff's Complaint with prejudice.

SO ORDERED this 22nd day of October, 2015.

_____
UNITED STATES MAGISTRATE JUDGE